IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:16cr326-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | AMENDED CONSENT ORDER |
| v. ) | AND JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| ) | |
| EMMANUEL TARR ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **The real property at 8942 Happiness Road, Harrisburg, North Carolina, more particularly described in a deed recorded at Deed Book 11156, Pages 165-170, and further identified as Parcel 55065429580000 in the Cabarrus County Register of Deeds;**

- **Approximately $50,775 in funds seized from and previously held by Bank of America as the result of a voided check drawn on Bank of America Account XXXXXXXX5065, such account held in the name of Charslyn Kuoh;**

- **Approximately $13,423 in funds seized from and previously held by Bank of America as the result of a voided check drawn on Bank of America Account XXXXXXXX5777, such account held in the name of Charslyn Kuoh;**

- **Approximately $250,000 in funds held in Global Bank of Liberia Account ███████3795, such account held by or for the benefit of McDan Shipping Company Limited;**

- **Approximately $1,972,600 in funds held in EcoBank Liberia Limited Account ███████5701, such account held by or for the benefit of Phoenix Mining and Investment Group;**

- **Approximately $553,500 in funds held in Liberian Bank for Development and Investment Account ███████6801, such account held by or for the benefit or Charslyn Golu Kuoh;**

- **Approximately $195,000 in funds held in Access Bank Limited in Ghana Account ▉▉▉▉▉▉▉5492, such account held by or for the benefit of Vinadio Constructions Works;**
- **Approximately $271,500 in funds held in Afriland First Bank Liberia Limited Account ▉▉▉▉▉▉▉0162, such account held by or for the benefit of Phoenix Mining and Investment Group; and**
- **A forfeiture money judgment in the amount of $3,500,000, such amount constituting the proceeds of offenses set forth in the Bill of Indictment.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. Further, the United States is authorized to take any action authorized by law to repatriate properties identified for forfeiture herein that are held outside of the United States. Such action may include, but is not limited to, forwarding this Consent Order to foreign law enforcement officials in order for such officials to restrain and/or seize the assets in accordance with applicable law.

4. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

5. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation

6. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

8. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and/or 982, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the

forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such

legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
EMMANUEL TARR
Defendant

_____
JAMES CYRUS, ESQ.
Attorney for Defendant

Signed this the __14th__ day of __March__, 2017.

_____
UNITED STATES ___DISTRICT___ JUDGE